UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT WILLIAMS,<br><br>                    Plaintiff,<br><br>-against-<br><br>647 E. 229th STREET BRONX LLC; ELI WEISSMAN,<br><br>                    Defendants. | 24-CV-6636 (LTS)<br><br>ORDER OF DISMISSAL<br>WITH LEAVE TO REPLEAD |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq*. By order dated September 6, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint with 30 days' leave to replead.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are drawn from Plaintiff Robert Williams's complaint and the attachments that Plaintiff has incorporated by reference. Plaintiff lives in a basement apartment on East 229th Street in Bronx County, in a building with four or fewer units. (ECF 1 at 8.) Plaintiff was involved in litigation in Bronx Housing Court that concluded in August 2019. (*Id.* at 10.) According to Plaintiff, the Bronx Housing Court determined that his "tenancy is legal" and that the unit is protected by New York's Rent Stabilization laws. He indicates that in October 2021, the Division of Housing and Community Renewal (DHCR) Office of Rent Administration "agreed with the [H]ousing Court."[1] (*Id.*)

---

[1] The Court quotes from the complaint verbatim. All spelling, punctuation and grammar are as in the original unless noted otherwise.

In February 2022, Eli Weissman and 647 East 229th Street LLC purchased the building. Plaintiff notified the new owners of the decisions that allegedly resolved that his tenancy is legal. Despite this, the new owners have "attempt[ed] to change the terms and conditions" of Plaintiff's tenancy.

The new owner has allegedly violated state laws and regulations by, for example, (1) beginning work on vacant apartments prior to receiving government approval; (2) allowing roofers to block Plaintiff's door with roofing material; (3) failing to provide 24-hour notice to Plaintiff before accessing the apartment for a non-emergency situation on October 5, 2022; (4) failing to provide written 24-hour notice before bringing in a plumber "last week." (*Id.* at 10.) The owners have also commenced a holdover proceeding against Plaintiff, which is pending. (*Id.*)

Plaintiff alleges that he is black and "the owner is White and has evidenced [that] he believes blacks are stupid." (*Id.*) Moreover, Plaintiff contends that he "is not being treated fairly and as a tenant who has human rights." (*Id.*)

Plaintiff brings this suit against Eli Weissman and 647 East 229th Street LLC. Plaintiff seeks "damages for harassment, discrimination, and retaliation." (*Id.* at 12.)

## DISCUSSION

The FHA, which was enacted as part of Title VII of the Civil Rights Act of 1968, makes it unlawful for private actors in the housing market to "refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race." 42 U.S.C. § 3604(a). In addition, § 3604(b) prohibits "discriminat[ion] against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race." *Id.* at § 3604(b). Claims under the FHA may be brought under either a disparate impact

or a disparate treatment theory of liability. *See Fair Hous. in Huntingon Comm. v. Town of Huntington*, 316 F.3d 357, 366 (2d Cir. 2003).

To state a claim of intentional discrimination under the FHA, a plaintiff must allege facts showing that he is "a member of a protected class," that he "suffered relevant 'adverse' treatment," and he must sustain "a minimal burden of showing facts suggesting an inference of discriminatory motivation." *Palmer v. Fannie Mae*, 755 F. App'x 43, 45 (2d Cir. 2018) (summary order) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015)).

Plaintiff alleges that he is a member of a protected class based on race and that Defendants have taken adverse actions against him, including disputing that his tenancy is legal and commencing a proceeding to terminate his tenancy. Plaintiff's complaint, however, is devoid of factual allegations that would allow an inference that Defendants have a racially discriminatory motive for their actions. Plaintiff's only statement addressing Defendants' motivation is that the owner has "evidenced [that] he believes blacks are stupid." (ECF 1 at 10.) This statement is conclusory and does not explain what Defendants did or said (or failed to do) that evidenced a racially discriminatory motive. Because Plaintiff does not allege any facts about what occurred that could give rise to an inference of racial discrimination, he fails to state a claim on which relief can be granted under the FHA.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid

4

claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims.[2]

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment dismissing the FHA claim for failure to state a claim on which relief can be granted and declining supplemental jurisdiction of any state law claims.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   October 21, 2024
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

---

[2] Nothing in this order prevents Plaintiff from raising any claim in the pending state court landlord-tenant proceedings that Defendants are acting out of a discriminatory or retaliatory motive. Moreover, if Plaintiff amends his complaint and pleads a claim under the FHA, the Court will need to consider the effect, if any, of pending state proceedings on this action.

5

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT
in the Southern District of New York (SDNY)



## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project provides limited assistance to self-represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

This project assists plaintiffs and defendants on a variety of federal legal issues, including, among others, civil rights, employment discrimination, and disability discrimination. The team also assists incarcerated individuals with civil (non-criminal) claims.

## HOW WE HELP

Fed Pro provides limited assistance through full-time attorneys, legal support team members, pro bono (volunteer) attorneys, law school/college interns, and a social work team. **While we cannot provide full representation,** Fed Pro can assist litigants by providing limited-scope services such as:

 **Counseling** about potential federal claims prior to filing suit

 Consulting on **discovery** matters

 **Interpreting and explaining** federal law and procedure

 Assisting with the **settlement** process (including mediation)

 **Reviewing drafted pleadings** and correspondence with the Court

## HOW TO ACCESS OUR SERVICES



For assistance, please complete the **online form** located on our website, https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project/.

If you are not able to complete the form, or you have questions about the form, please **call (212) 382-4794.** Please leave a message and wait for us to call you back.